## S. C. INGRAM ET AL. V. CARL WINTERS.

### Decided May 11, 1907.

**1.—Improvements—Tenant in Common—Good Faith.**

One who improves land after notice of the existence of a joint owner and his adverse interest in the land, can not claim that such improvements were made in good faith and thus offset the value of such improvements against the value of the use and occupation.

**2.—Same—Rents and Revenues.**

In the absence of proof that improvements made by a cotenant have enhanced the value of the premises he is not entitled to credit for the same and is liable for one-half the revenues from the premises.

Appeal from the District Court of Hopkins County. Tried below before Hon. R. L. Porter.

*B. W. Foster*, for appellants.—The defendant in an action of trespass to try title may set up a claim for improvements, when his entry was made under a deed and believing he had title, and the same were made in good faith. Rev. Stats., art. 5277.

The court erred in offsetting claim for improvements and damages and rents claimed, as the parties herein were joint owners of the property sued for, and the defendant had never demanded to be admitted to joint possession.

*R. B. Keasler*, for appellee.—Appellants are not entitled to recover for their improvements, because they failed to show what proportion of the amount paid for improvements was added to the permanent value of the property, at the time of partition, their only proof as to this issue being the actual amount claimed to have been paid for work done, etc., independent of what it added to the value of the property. Branch v. Makeig, 9 Texas Civ. App., 402; Herndon v. Reed, 82 Texas, 650.

Appellants having repudiated the tenancy in common, were liable to appellee for one-half of the rents of the property while owned and held by them, and while it was held and owned by their vendee, the defendant S. C. Ingram, deceased, and for whatever damages were done to same; and since same grows out of the subject matter of the

suit, there can be no objection to offsetting the demand of appellants for improvements and taxes paid with appellee's share of rents, and whatever damages were done the property by appellants. Eastham v. Sims, 11 Texas Civ. App., 137; Duke v. Reed, 64 Texas, 705; Osborn v. Osborn, 62 Texas, 495; Mayes v. Manning, 73 Texas, 46.

The court having found that one-half of the rents received by appellants and their vendee, added to the damages done the property by appellants, were equal in value to one-half of the value of the improvements made and taxes and insurance paid, the judgment should not be disturbed. Jordan v. Brophy, 41 Texas, 284; Adkisson v. Garrett, 1 Texas App. Civ., 23; Faulkner v. Warren, 1 Texas App. Civ., 352; Wilkens v. Weller, 1 Texas App. Civ., 503.

RAINEY, CHIEF JUSTICE.—This is a suit of trespass to try title brought by Keasler as next friend of Carl Winters, against S. C. Ingram and J. O. Wills for one-half interest in a certain tract of land. Ingram died and his administrator was made a party. Denton and wife intervened.

Plaintiff claimed one-half interest in said land by inheritance from his mother and asked for partition. No appearance was made by Ingram's administrator.

Denton and wife claimed they purchased the property from Cliff Childress, a brother of plaintiff on the mother's side, who represented that plaintiff was dead. That they took possession of the property believing they had a good title. That they sold to S. C. Ingram, who made valuable improvements in good faith and paid taxes thereon, for which they pray judgment.

Plaintiff, by supplemental petition, says that he and S. C. Ingram were tenants in common, and denies that Ingram made improvements in good faith, that he had been in possession, occupying and renting said land and obtaining the rents and revenues and is not entitled to compensation for improvements and taxes paid over and above the rents and revenues he had received from the use of same. That during the occupancy of said interveners they had dug up and carried off of said premises large quantities of gravel and sand, leaving deep depressions in the ground wherein water accumulates during rains and stands all the time and becomes stagnant, rendering the premises sickly, unsightly, a den and breeding place for mosquitoes, and unsaleable, and thereby depreciated the value of said premises to the amount of $500, for which he prays damages to the extent of one-half, $250.

The court rendered judgment for plaintiff for a half interest in the land; that interveners' claim for improvements and taxes should be offset by the rents from the use of the place and damages done the same by interveners and defendant Ingram; that a fair partition could not be made of the premises, and it was ordered they be sold and proceeds divided. From this judgment the interveners alone appeal.

There is no question raised as to the right of Carl Winters to one-half of the land. The only attack on the judgment is to the offsetting the use and occupancy of the premises and the damages sued for

against improvements made by appellant while in possession of the land.

No statute of ɹimitation was pleaded by interveners. Carl Winters being a minor such statute had no application. Interveners were not possessors in good faith as to their holding against Winters, as they were notified before improvements were made that Winters was living and would assert his rights to the land. Besides, no proof was made that the improvements made had enhanced the value of the property. While possession was held by interveners they had derived a revenue by renting to other parties and by selling gravel and sand and the removal of which from the premises had damaged the premises. One-half of this Winters was entitled to, he being a tenant in common. Herndon v. Reed, 82 Texas, 647; Branch v. Makeig, 9 Texas Civ. Apps., 399.

The evidence shows that interveners recovered all they were entitled to and we see no reason for complaint. There being no error shown the judgment is affirmed.

*Affirmed.*